**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| WILLIAM JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> TALOS ENERGY INC., NEAL P. GOLDMAN, TIMOTHY S. DUNCAN, PAULA R. GLOVER, JOHN JUNEAU, DONALD R. KENDALL, JR., CHARLES M. SLEDGE, and ROBERT M. TICHIO, <br><br> Defendants. | ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) **COMPLAINT FOR VIOLATIONS** <br> ) **OF THE FEDERAL SECURITIES** <br> ) **LAWS** <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff William Johnson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against Talos Energy, Inc. ("Talos" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by EnVen Energy Corporation ("EnVen").[1]

2.  On September 21, 2022, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with EnVen, Talos's wholly owned subsidiaries, Talos

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

Production Inc. ("Production Company"), Tide Merger Sub I Inc. ("Merger Sub Inc.") and Tide Merger Sub II LLC ("Merger Sub LLC"), and Production Company's wholly owned subsidiary, Tide Merger Sub III LLC ("UnSub").  The Merger Agreement provides that EnVen stockholders will have the right to receive their proportionate share of the aggregate merger consideration consisting of: (a) 43.8 million shares of Talos common stock; and (b) $212.5 million in cash.[2]

3. The Company's corporate directors subsequently authorized the January 10, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision.  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants'

---

[2] The Merger Agreement requires the Company to issue approximately 43.8 million additional shares of Talos common stock (the "Share Issuance").  As a New York Stock Exchange ("NYSE") listed company, Talos is required by NYSE listing rules to secure shareholder approval before issuing 20% or more of its outstanding common stock.  Thus, the Proposed Transaction is contingent upon Talos shareholders voting to approve the proposed Share Issuance.  In addition, following the closing of the Proposed Transaction, Talos shareholders will own approximately 66% of the pro forma company and EnVen's equity holders will own the remaining 34%.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for February 8, 2023.

violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Talos common stock.

10. Defendant Talos is a Delaware corporation with its principal executive offices located at Three Allen Center, 333 Clay Street, Suite 330, Houston, Texas 77002. Talos's shares trade on the NYSE under the ticker symbol "TALO." Talos is a technically driven independent exploration and production company. The Company's operations are currently in the U.S. Gulf of Mexico and offshore Mexico, both upstream, through oil and gas exploration and production, and downstream, through the development of future carbon capture and storage opportunities. The Company leverages its technical and offshore operational expertise in the acquisition, exploration

and development of assets in key geological trends that are present in many offshore basins around the world.

11. Defendant Neal P. Goldman is and has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Timothy S. Duncan is a founder of the Company and is and has been President, Chief Executive Officer, and a director of the Company at all relevant times.

13. Defendant Paula R. Glover is and has been a director of the Company at all relevant times.

14. Defendant John Juneau is and has been a director of the Company at all relevant times.

15. Defendant Donald R. Kendall, Jr. is and has been a director of the Company at all relevant times.

16. Defendant Charles M. Sledge is and has been a director of the Company at all relevant times.

17. Defendant Robert M. Tichio is and has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On September 22, 2022, the Company announced in relevant part:

HOUSTON, Sept. 22, 2022 /PRNewswire/ -- Talos Energy Inc. ("Talos" or the "Company") (NYSE: TALO) today announced the execution of definitive agreements to acquire EnVen Energy Corporation ("EnVen"), a private operator in the deepwater U.S. Gulf of Mexico, for $1.1 billion[1]. The strategic transaction

4

expands Talos's Gulf of Mexico operations with high margin, oil-weighted assets, is accretive to Talos shareholders on 2023E Free Cash Flow per Share[2] and is immediately de-leveraging.

Consideration for the transaction consists of 43.8 million Talos shares and $212.5 million in cash, plus the assumption of EnVen's net debt upon closing, currently estimated at approximately $50.0 million at year-end 2022. Following the transaction, Talos shareholders will own approximately 66% of the pro forma company and EnVen's equity holders will own the remaining 34%. The transaction has been unanimously approved by each company's Board of Directors. Closing is expected by year end 2022, subject to customary closing conditions.

**Key Transaction Highlights:**

- Adds ~24 thousand barrels of oil equivalent per day ("MBoe/d") of production (>80% oil, >90% operated).
- Increases production by 40% and gross acreage by 35%, significantly increasing operational scale and diversity.
- Doubles Talos's operated deepwater facility footprint, adding key infrastructure in existing Talos operating areas.
- ~$460 million of 2022E Adj. EBITDA (~$630 million unhedged) and ~$170 million of 2022E Free Cash Flow.
- >13% accretive to Talos shareholders on 2023E Free Cash Flow per Share.
- Implied enterprise value representing 2.4x 2022E hedged Adj. EBITDA (1.7x unhedged), a discount to Talos's current metrics.
- Immediately de-leveraging, with estimated year-end pro forma net debt ratio[3] of less than 0.8x.
- At least $30 million in expected annual run-rate synergies to be achieved in 2023.
- Reduces Talos's GHG Emissions Intensity with deepwater operating footprint.
- Enhances Board of Directors with 7 fully independent directors plus Talos CEO.
- Talos will introduce a proposal to eliminate its classified election structure such that all directors are elected annually.

Talos President and Chief Executive Officer Timothy S. Duncan commented: "This transaction adds significant scale and diversity to our business through logical, in-basin expansion with an excellent strategic fit. EnVen's high-margin, oil-weighted assets in key deepwater regions, operated infrastructure and significant overlapping acreage footprint will enhance our ability to accelerate shareholder value creation. The acquisition is financially attractive, expanding our operating margins and increasing Free Cash Flow per Share while immediately improving our credit profile before accounting for significant expected cost synergies. The enhanced cash flow profile will provide us with increased capital allocation optionality, including additional high-impact subsea tie-back opportunities, opportunistic

acquisitions, accelerating our low-carbon initiatives and positioning Talos for a potential shareholder return of capital program in the future. We are excited for the numerous benefits that this transaction provides and look forward to closing around year end."

**STRATEGIC & FINANCIAL DETAILS**

- **Attractive Asset Base Aligned with Talos Strategy:** EnVen currently produces approximately 24 MBoe/d in the U.S. Gulf of Mexico that is more than 80% oil-weighted, more than 90% operated and more than 95% from deepwater regions. EnVen operates numerous platforms, including five major deepwater facilities with significant open capacity and holds an acreage footprint of approximately 420,000 gross acres in core deepwater areas for future infrastructure-led development, exploitation and exploration opportunities. EnVen's infrastructure is backed by >$160 million in restricted cash and receivables reserved against future abandonment obligations.

  The transaction is well-aligned with Talos's strategy focused on value creation through the acquisition and development of conventional resources in close proximity to under-utilized infrastructure applying Talos's vast seismic inventory and advanced reprocessing. EnVen's assets add material scale and diversity to Talos's footprint, already a leading public offshore independent in the U.S. On a pro forma basis, Talos expects to be more than 70% oil-weighted, more than 75% operated and more than 80% focused in deepwater regions.

- **Compelling Financial Metrics and Credit Profile:** Consideration implies a valuation of approximately 2.4x 2022 estimated hedged Adjusted EBITDA and the transaction is more than 13% accretive to Talos shareholders on 2023E Free Cash Flow per Share. Talos expects the transaction to be immediately de-leveraging at closing, with year-end 2022 leverage of less than 0.8x. Additionally, Talos will have no near-term maturities. The Company expects to provide 2023 financial guidance after closing.

- **Material Synergies:** Talos expects to generate at least $30 million in annual run-rate synergies from the transaction, primarily consisting of general and administrative cost reductions. The Company believes run-rate savings can be achieved in 2023 and expects additional synergies from operational cost optimization, capital high-grading and other improvements over time.

- **Improved Positioning for Future Growth:** With greater scale and diversity, an enhanced cash flow generation profile and improved leverage profile, Talos believes it is well-positioned to accelerate organic, value-

6

creating activities through its Upstream and CCS business segments as well as business development activities going forward. The increased scale and free cash flow generation also allows Talos to continue its evaluation for a potential shareholder return program in the future.

**LEADERSHIP & GOVERNANCE**

There are no anticipated changes to Talos senior management resulting from the transaction. Tim Duncan will remain Chief Executive Officer and will retain one seat on the expanded Board of Directors, which will include six Talos directors (CEO and five independents) and two independents from the EnVen Board of Directors, Shandell Szabo and Richard Sherrill. The Board of Directors will have no private equity representatives post-closing. Robert Tichio, the appointed Riverstone Holdings representative currently on Talos's Board of Directors, will resign from the Board simultaneous with closing of the transaction. Riverstone Holdings (~10% pro forma ownership) and EnVen's top two equity holders (~20% pro forma combined) will enter lock-up agreements at closing.

Shandell Szabo is currently an independent director of EnVen and previously spent 19 years with Anadarko Petroleum Corporation, most recently as the Vice President of U.S. Exploration. She has technical expertise in the deepwater Gulf of Mexico and other key basins. Richard Sherrill is also currently an independent director of EnVen and is the President of Clean Aire Partners, a private energy transition company. He was previously the Chief Operating Officer of Duke Energy Corporation.

Talos also intends to facilitate a shareholder vote on elimination of the Company's current classified director structure, which would require that all directors be elected every year going forward, as compared to the current staggered 3-year terms.

**TIMING & APPROVALS**

The transaction, which is expected to close around year end 2022, is subject to customary closing conditions, including the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and the approval of Talos and EnVen shareholders. Riverstone Holdings, which currently owns ~15% of Talos, has executed a Support Agreement in favor of the transaction. A majority of EnVen shareholders have agreed to provide their written consents in favor of the transaction. Both Talos and EnVen Boards of Directors have unanimously approved the transaction.

**ADVISORS**

J.P. Morgan Securities LLC is serving as lead financial advisor to Talos and has provided a fairness opinion. KeyBanc Capital Markets Inc. also served as a

financial advisor to Talos.  Vinson & Elkins L.L.P is serving as legal advisor to Talos.  Intrepid Partners, LLC is serving as financial advisor to EnVen and Davis Polk & Wardwell LLP is serving as legal advisor to EnVen.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on January 10, 2022.  The Proxy Statement, which recommends that Talos stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for the Company and EnVen; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor J.P. Morgan Securities LLC ("J.P. Morgan"); and (c) J.P. Morgan's potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Talos and EnVen*

21.     The Proxy Statement fails to disclose material information concerning the financial forecasts for Talos and EnVen, including the line items underlying forecasted EBITDA for both entities.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analyses*

22.     The Proxy Statement also fails to disclose material information concerning J.P. Morgan's financial analyses.

23.     With respect to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the unlevered free cash flows ("UFCFs") of EnVen for the second half of fiscal year ending December 31, 2022 and fiscal year ending December 31, 2027 utilized by J.P. Morgan; (b) the UFCFs of EnVen during the terminal period; and (c) the terminal values of EnVen.

24. With respect to the *Public Trading Multiples Analysis* and *Selected Transaction Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the companies and transactions analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Potential Conflicts of Interest*

25. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by J.P. Morgan, including the criteria the financial advisor must meet to receive the $2 million discretionary fee and whether the Board anticipates paying J.P. Morgan the discretionary fee.[4]

26. The omission of the above-referenced information renders statements in the "Certain Unaudited Forecasted Financial Information" and "Opinion of Talos's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

27. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Talos**

28. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

---

[4] *See* Proxy Statement at 61.

29. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Talos is liable as the issuer of these statements.

30. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

10

37. The Individual Defendants acted as controlling persons of Talos within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Talos and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

40. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as

controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Talos, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 19, 2023  **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*